UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division



Anne Melchor Bremus,

        Plaintiff,

    v.                                    ACTION NO. 2:12cv100

AMR Corp., et al.,

        Defendants.


### OPINION AND FINAL ORDER

    This matter comes before the court on the "Motion for Judgment on the Pleadings" ("Motion"), ECF No. 22, and accompanying "Memorandum of Law in Support of Motion," ECF No. 23, filed by AMR Corporation ("AMR"), American Airlines, Inc. ("American Airlines"), and American Eagle Airlines, Inc. ("American Eagle") (collectively, the "Defendants"), on August 12, 2014. For the reasons stated herein, the Motion is **GRANTED**. The Plaintiff's Request for Oral Argument, ECF No. 37, filed on September 30, 2014, is **DENIED**, as the record and filings are sufficient for the court to decide the matter without a hearing.[1]

---

[1] See infra notes 4, 7 and accompanying text.

## I. Factual and Procedural History

### A. Bankruptcy Court Proceedings

On November 29, 2011, the Defendants, along with other related debtors (the "Debtors"), initiated a voluntary bankruptcy proceeding under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). Defs.' Mem. Law in Supp. of Mot. at 2. In total, twenty companies entered bankruptcy at the same time, involving more than 100,000 creditors, greater than one billion dollars in liabilities, and more than 23,000 proofs of claim. Id.; Defs.' Reply to Pl.'s Opp'n ("Reply") at 7, ECF No. 35.

The Plaintiff filed a proof of claim with the Bankruptcy Court on January 3, 2012, for "nonpayment of wages and reversal of insurance payments." Pl.'s Resp. in Opp'n, Ex. A, Bremus Aff. & Attached Files, ECF No. 33-1. Over one month later, on February 24, 2012, the Plaintiff filed the Complaint in this court against the Defendants for employment discrimination and retaliation under the Civil Rights Act of 1964, 42 U.S.C § 2000 et seq. ECF No. 1. The alleged discrimination took place between September 2009 and September 2011. Compl. at 3-8. On February 28, 2012, this court entered an Order staying the Plaintiff's employment discrimination action until after the resolution of the bankruptcy proceeding. ECF No. 3.

2

On May 4, 2012, the Bankruptcy Court set July 16, 2012, as the deadline (the "Bar Date") for creditors to file a proof of claim. Defs.' Mem. Law in Supp. of Mot., Ex. A, Bankr. Ct. Order of May 4, 2012 ("Bar Date Order") at 1–2, ECF No. 23-1. Notice of the Bar Date Order ("Bar Date Notice") was sent to all potential claimants, and it clearly stated that an untimely claimant "will be forever barred from asserting such claim against the debtors and their Chapter 11 estates." Id. at 16–17 (emphasis added). The Bar Date Notice was mailed to the Plaintiff on May 18, 2012. Id. at Ex. B, Baumgarten Aff. at 2 & Ex. B, ECF No. 23-2.[2] The Plaintiff did not file her proof of claim for employment discrimination until August 5, 2013, more than one year after the Bar Date. Pl.'s Resp. in Opp'n, Ex. B, Bremus Proof of Claim, ECF No. 33-2.

---

[2] The Bar Date Notice also instructed all potential claimants to file proofs of claim against each Debtor in cases where the claimant had claims against multiple Debtors. Bar Date Notice at 16. The Plaintiff, through counsel, filed only one employment discrimination proof of claim against "AMR Corp. et al." Pl.'s Resp. in Opp'n, Ex. B, Bremus Proof of Claim, ECF No. 33-2. This employment discrimination proof of claim was attached to a copy of the employment discrimination complaint, which named the individual Defendants. Id. The Defendants assert that, to the extent that the employment discrimination proof of claim is not considered to be untimely, no proof of claim was formally filed against either American Eagle or American Airlines. Defs.' Mem. Law in Supp. of Mot. at 7. It is unnecessary for this court to decide the issue of whether the Plaintiff's proof of claim can be construed to include all Defendants, or just AMR, because the employment discrimination proof of claim was untimely filed.

3

On October 21, 2013, the Bankruptcy Court entered its "Findings of Fact, Conclusions of Law, and Order Pursuant to Sections 1129(a) and (b) of the Bankruptcy Code and Rule 3020 of the Federal Rule of Bankruptcy Procedure Confirming Debtor's Fourth Amended Joint Chapter 11 Plan" (the "Confirmation Order"), Defs.' Mem. Law in Supp. of Mot., Ex. D, ECF No. 23-4, which affirmed the Debtors' proposed Fourth Amended Joint Chapter 11 Plan (the "Plan"). Id. at Ex. F, ECF No. 23-6.[3] The effective date of the Plan was December 9, 2013 (the "Effective Date"). Id. at Ex. E, Notice of Entry of Confirmation Order, ECF No. 23-5.

Section 1.91 of the Plan defines which claims are Disallowed to include those that have "not been listed by such Debtor on the Schedules and as to which no proof of Claim has been filed by the applicable deadline or deemed timely filed pursuant to any Final Order of the Bankruptcy Court." Plan § 1.91. Section 1.94 further clarifies that "[f]or the avoidance of doubt, if no proof of Claim has been filed by the applicable deadline and the Claim is not listed on the Schedules . . . such

---

[3] The parties did not file the complete version of the Plan given its length. All documents associated with the case are publicly available at www.amrcaseinfo.com. As these documents are matters of the public record, the court may consider them when ruling on the Defendants' Motion. See infra Part II. All references to the Plan, whether they were included in the filings made to this court or taken from the public record, will simply be cited as the Plan § [Relevant Section].

Claim shall be Disallowed and shall be disregarded for all purposes." Id. § 1.94. Unless otherwise provided in the Plan or approved by the Bankruptcy Court, all claimholders are enjoined from "commencing or continuing in any manner any action or other proceeding of any kind with respect to any such Claim or Equity Interest against the Debtors or the Reorganized Debtors." Id. § 10.6. The Bankruptcy Court's Confirmation Order explicitly copied this language, stating that:

> Except as otherwise provided in the Plan or this confirmation order, upon the Effective Date, all existing Claims against the Debtors and Equity Interests in the Debtors shall be, and shall be deemed to be, discharged and terminated, and all holders of Claims and Equity Interests (and all representatives, trustees, or agents on behalf of each holder) shall be precluded and enjoined from asserting against the Reorganized Debtors, or any of their assets or property, any other or further Claim or Equity Interest based upon any act or omission, transaction, or other activity of any kind or nature that occurred prior to the Effective Date, whether or not such holder has filed a proof of Claim or proof of Equity Interest and whether or not the facts or legal bases therefore were known or existed prior to the effective date.

Defs.' Mem. Law in Supp. of Mot., Ex. D, Confirmation Order para. 61 (emphasis added). Thus, after July 16, 2012, no further proofs of claim would be allowed against the Debtors.

**B. Proceedings in This Court**

As previously mentioned, the Plaintiff filed her employment discrimination suit in this court on February 24, 2012, and this

5

court stayed the case on February 28, 2012. On August 12, 2014,
the Defendants filed the instant Motion under Federal Rule of
Civil Procedure 12(c), asking this court to dismiss the
Plaintiff's case because it was discharged in the bankruptcy
proceedings and, therefore, a permanent injunction now bars the
Plaintiff from pursuing it in this court. Defs.' Mem. Law in
Supp. of Mot. at 1.

The Plaintiff filed her Response in Opposition on
September 12, 2014, in which she argues that: 1) she timely
filed her proof of claim on January 3, 2012; and 2) her claim is
a Disputed Claim, rather than a Disallowed Claim, and, thus, the
Defendants' failure to raise an objection of timeliness means
that any objection they may have had was waived. Pl.'s Resp. in
Opp'n at 1-5, ECF No. 33.

The Defendants filed their Reply on August 18, 2014, in
which they assert that the timely proof of claim filed by the
Plaintiff was unrelated to her employment discrimination claim.
Defs.' Reply to Pl.'s Opp'n at 3 n.1, ECF No. 35. They further
argue that the Plaintiff's untimely proof of claim is
Disallowed, not Disputed, and, therefore they were not required
to object to it. Id. at 4. Rather, the burden was on the
Plaintiff to "file[] a motion with the Bankruptcy Court to
accept her late-filed Proof of Claim." Id. at 5.

On September 30, 2014, the Plaintiff filed a Request for Oral Argument on the Motion for Judgment on the Pleadings.[4]

## II. Standard of Review

A motion for judgment on the pleadings may be brought "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). A Rule 12(c) motion is "assessed under the same standards as a motion to dismiss under Rule 12(b)(6)." Occupy Columbia v. Haley, 738 F.3d 107, 115 (4th Cir. 2013). Thus, such a motion should be granted only if, "after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." Drager v. PLIVA USA, Inc., 741 F.3d 470, 474 (4th Cir. 2014). District courts may consider the complaint, answers, matters of public record,[5] exhibits to the complaint and answer, and "exhibits to the Rule 12(c) motions that were integral to the complaint and authentic." Massey v. Ojaniit, 759 F.3d 343, 347 (4th Cir. 2014); see also

---

[4] The Plaintiff's counsel filed a request for oral argument "on the defendants Rule 6(e) Motion for Judgment on the Pleadings." Pl.'s Request for Oral Arg., ECF No. 37. The court assumes that the Plaintiff is referring to the Defendants' Rule 12(c) Motion for Judgment on the Pleadings as opposed to a Rule 6(e) motion that is not provided for in the Federal Rules of Civil Procedure.

[5] See supra note 3.

Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes.").

### III. Discussion

The purpose of a discharge in bankruptcy is to "give[] the debtor a 'fresh start' by releasing him, her, or it from further liability for old debts." Cent. Va. Cmty. Coll. v. Katz, 546 U.S. 356, 364 (2006). The Bankruptcy Code makes clear that a "discharge in bankruptcy relieves the debtor of personal liability for all pre-petition debts but those excepted under the Bankruptcy Code." In re Rosenfeld, 23 F.3d 833, 836 (4th Cir. 1994). A "debt" is defined as "liability on a claim." 11 U.S.C. § 101(12). A "claim" is further defined as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable." Id. § 101(5). Thus, any right to payment arising prior to bankruptcy is discharged absent an applicable exception, and the "discharge operates to permanently stay any attempt to hold the debtor . . . liable for discharged debt." In re Rosenfeld, 23 F.3d at 836 (quoting 11 U.S.C. § 524(a)(2)).

### A. The "Timely" Claim

The Plaintiff's first argument, that she submitted a timely proof of claim, is easily rejected. Although her

January 3, 2012, proof of claim was certainly submitted before the Bar Date of July 16, 2012, it was for unpaid wages and insurance payments; it did not relate to, or even mention, any employment discrimination claim. Pl.'s Resp. in Opp'n, Ex. A, Bremus Aff. & Attached Files at 7. In fact, no claim or mention of employment discrimination was made until this Complaint was filed in this court on February 24, 2012. ECF No. 1. The filing of a Complaint in this court does not constitute the filing of a proof of claim in Bankruptcy Court. See, e.g., In re Am. Classic Voyages Co., 405 F.3d 127, 131 (3d Cir. 2005) (noting that while informal proofs of claim may be allowed, they must be "filed with the bankruptcy court"). Finally, the record clearly and undisputedly reflects that the Plaintiff's employment discrimination proof of claim was not filed until August 5, 2013, well after the Bar Date of July 16, 2012. Pl.'s Resp. in Opp'n, Ex. B, Bremus Proof of Claim (filed on August 5, 2013). The issue now becomes whether the Plaintiff's employment discrimination proof of claim is a Disputed or Disallowed Claim.

## B. Whether the Claim is Disputed or Disallowed

Failure to comply with a bankruptcy court's deadline, such as the Bar Date Order in this case, is cause for disallowing a claim unless "excusable neglect" is shown upon motion to the bankruptcy court. Fed. R. Bankr. P. 9006(b)(1); Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 389

(1993) (quoting Fed. R. Bankr. P. 9006(b)(1)) ("Rule 9006(b)(1) empowers a bankruptcy court to permit a late filing if the movant's failure to comply with an earlier deadline 'was the result of excusable neglect.'"). Unless leave is sought from the bankruptcy court to file an untimely proof of claim, the claim is discharged, and the untimely claimant is enjoined from pursuing its pre-petition litigation. Once a debtor's reorganization plan is confirmed by the bankruptcy court, potential claimants are prevented from litigating issues that should have been raised in the bankruptcy court. Valley Historic Ltd. P'ship v. Bank of New York, 486 F.3d 831, 838-39 (4th Cir. 2007) (internal citation and quotation marks omitted) ("A bankruptcy court's order of confirmation is treated as a final judgment with res judicata effect.").

The key issue in this case is whether the Plaintiff's claim qualifies as a Disputed or a Disallowed Claim. If the claim is Disputed, then, under the terms of the Plan, the claim survives the bankruptcy proceeding. See Plan § 7.2 ("Procedures for Disputed Claims"). On the other hand, a Disallowed Claim "shall be disregarded for all purposes," meaning that the claim will be discharged upon the Effective Date of the Plan and an injunction will serve to bar the Plaintiff from "continuing in any manner" her employment discrimination suit against the Defendants. Id. §§ 1.94, 10.6. The Plan is consistent with the Bankruptcy Code,

which states that a discharge "operates as an injunction against the commencement or continuation of an action." 11 U.S.C. § 524(a)(2); see also In re Rosenfeld, 23 F.3d at 836 ("[A]ny right to payment which arises prior to the bankruptcy constitutes pre-petition debt and is discharged, absent an applicable exception. The discharge operates to permanently stay any attempt to hold the debtor personally liable for discharged debts.").

The Plan, as approved by the Bankruptcy Court, specifically describes the effect of untimely filed proofs of claim. See Plan § 1.91 (defining Disallowed Claims to include those that have "not been listed by such Debtor on the Schedules and as to which no proof of Claim has been filed by the applicable deadline or deemed timely filed pursuant to any Final Order of the Bankruptcy Court"); id. § 1.94 ("For the avoidance of doubt, if no proof of Claim has been filed by the applicable deadline and the Claim is not listed on the Schedules . . . such Claim shall be Disallowed and shall be disregarded for all purposes."). In this case, it is undisputed that the Plaintiff filed her proof of claim for employment discrimination in the Bankruptcy Court on August 5, 2013, over one year after the Bar Date of July 16, 2012, and that the Plaintiff's employment discrimination claim was not listed on the Schedules filed by the Debtors at the beginning of the bankruptcy proceeding.

Compare Defs.' Mem. Law in Supp. of Mot., Ex. A, Bankr. Ct. Order of May 4, 2012 at 16-17 (setting the Bar Date as July 16, 2012), with Pl.'s Resp. in Opp'n, Ex. B, Bremus Proof of Claim (filed on August 5, 2013). Thus, under both the terms of the Plan and the Bankruptcy Rules, the Plaintiff's employment discrimination claim is Disallowed.

Nonetheless, the Plaintiff asserts, without any analysis or case law in support, that her employment discrimination claim is instead a Disputed Claim. Pl.'s Resp. in Opp'n at 3-4. Under Section 1.94 of the Plan, Disputed Claims include those where a proof of claim was untimely filed, but was listed on the Schedules and "as to which the Debtors or any other party in interest has interposed an objection." Plan § 1.94. The Plaintiff argues that because no objection has been filed by the Defendants in the Bankruptcy Court, her employment discrimination suit must be allowed to proceed. Pl.'s Resp. in Opp'n at 4. This argument makes no sense, as it is not the Defendants' burden to rectify the Plaintiff's error in the Bankruptcy Court. In re Enron Corp., 419 F.3d 115, 121 (2d Cir. 2005) (internal citation omitted) ("The burden of proving excusable neglect lies with the late-claimant."). Moreover, the simple fact that this issue is being litigated now does not make this claim a Disputed Claim, or Allowed Claim, in the Bankruptcy

Court.[6] This court must instead look to the plain language of the Plan as described above. Thus, the Plaintiff's employment discrimination claim is a Disallowed Claim, not a Disputed Claim.

Because the Plaintiff's claim is a Disallowed Claim since it was not filed before the Bar Date, it was discharged upon the Effective Date of July 16, 2012, Plan § 10.3, and the Plaintiff is forever barred "from . . . continuing in any manner any action or other proceeding of any kind" relating to her employment discrimination suit. Id. § 10.6; see In re Rosenfeld, 23 F.3d at 836. This is consistent with the policy behind a bankruptcy discharge: to "give[] the debtor a 'fresh start' by releasing him, her, or it from further liability for old debts." Cent. Va. Cmty. Coll., 546 U.S. at 364.

If the Plaintiff wishes to pursue an untimely employment discrimination proof of claim, the proper procedure is to file a motion with the Bankruptcy Court for leave to do so, pursuant to Federal Rule of Bankruptcy Procedure 9006(b). The Defendants correctly note that the Bankruptcy Court has retained jurisdiction to consider such a motion. Defs.' Reply to Pl.'s Opp'n at 6; see also Defs.' Mem. Law in Supp. of Mot., Ex. A,

---

[6] To the extent that the Plaintiff's arguments may be construed as alleging that her employment discrimination proof of claim should be considered Allowed, as opposed to Disallowed or Disputed, they are rejected, because this proof of claim is definitively Disallowed.

Bankr. Ct. Order of May 4, 2012 at 10 ("[T]his Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order."); In re Varat Enters., 81 F.3d 1310, 1314 (4th Cir. 1996) (finding that the bankruptcy court correctly retained jurisdiction post-confirmation over "disputed, pending, and new claims"). Therefore, the Plaintiff's only remedy is to seek leave to file an untimely proof of claim with the Bankruptcy Court.

## IV. CONCLUSION

For the foregoing reasons, this court **GRANTS** the Defendants' Motion for Judgment on the Pleadings, without prejudice to the Plaintiff's ability to petition the Bankruptcy Court to accept her untimely proof of claim. Thus, the Plaintiff's lawsuit in this court is **DISMISSED WITHOUT PREJUDICE**. The Plaintiff's request for oral argument is **DENIED**.[7]

The Clerk is **DIRECTED** to forward a copy of this Opinion and Final Order to counsel for the parties.

IT IS SO ORDERED.

/s/
Rebecca Beach Smith
Chief
United States District Judge

REBECCA BEACH SMITH
CHIEF UNITED STATES DISTRICT JUDGE

November 3 , 2014

---

[7] After full examination of the briefs and the record, the court has determined that a hearing is unnecessary, as the facts and legal arguments are adequately presented, and the decisional process would not be aided significantly by oral argument. See Fed. R. Civ. P. 78(b); Local Cir. R. 7(J).

14